SPRING, 1810.
First District.

WEEKS
*vs.*
TRASK.

━━◆━━

*WEEKS* vs. *TRASK*.

THE defendant had been held to bail on the plaintiff's affidavit that the account annexed to the petition was just and true, and that no part of it was paid, *except as far as the defendant might have an account against him for goods furnished;* a motion was now made for his discharge, on account of the insufficiency of the affidavit.

If the affidavit does not clearly show that a specific sum is due, bail cannot be demanded.

*Ellery* in support of the motion. There are three acts of the Legislature of this territory, on the subject of bail, and the plaintiff does not appear to have complied with the requisites of any of them. The affidavit was doubtless grounded on the act of 1808, *c.* 16. The 10th section of it provides. " that in all actions where the amount " of the sum due is above one hundred dollars, " whether upon bond, bill of exchange, promis- " sory note, liquidated account, and in every case, " where the amount of the debt is ascertained " and specified, the plaintiff, on making affidavit " of the amount really due of any debt or de- " mand," shall be entitled to require bail. In the present case, the plaintiff has not sworn that any specific sum is due to him: he admits he has received goods in payment, but does not say to what amount. Indeed, for aught that appears in the affidavit, the defendant's account for goods may be larger than that of the plaintiff.

*Hennen, contra.* The plaintiff has sworn that the account annexed to the petition, is just and true, and that the defendant owes him the amount of it: it is true he has added that the defendant has an account for goods against him. When there are accounts between two persons, each of them may safely swear that the amount of his own account is due to him. The law does not require an actual settlement of accounts, which neither party can effect without the consent of the other: nor should a man be bound

to give credit for the amount of an account of which he has no accurate knowledge: all that is required of him is, that he should swear to the amount of his own demand.

*Ellery,* in reply.   The relative situation of the parties in this case, appears from the petition and the plaintiff's account.   It seems he was the defendant's overseer.   From this circumstance it will be presumed that the goods with which he admits the defendant supplied him, were furnished to him in part payment of his wages. They therefore must lessen, and perhaps will balance, or surpass his claim.

*By the Court,* Martin, *J. alone.*   This action appears to have been brought for work and labour done by the plaintiff, as overseer of the defendant.   The affidavit admits that the defendant supplied the plaintiff with goods, the amount of which was to be deducted out of his wages, and the plaintiff qualifies his affidavit by swearing that the amount of the account is due, *except, &c.*   The claim must therefore be considered as unliquidated, since it is sworn that the whole of it is not due.   Certainly, if the whole be not due, the defendant cannot be compelled to give bail for the gross sum, and the affidavit furnishes no *datum,* according to which it may be reduced.   Indeed, for any thing that is sworn to, it does not clearly appear that the balance will be found against the defendant.

BAIL DISCHARGED.